## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GULF SOUTH PIPELINE COMPANY, LP**             **PLAINTIFF**

**VERSUS**             **CIVIL ACTION NO. 2-13-cv-271-KS-MTP**

**0.27 ACRE IN GEORGE COUNTY, MISSISSIPPI, HOPE V. WRIGHT, LASHONDA R. FAIRLEY, ALYSSA WELLS, A MINOR, YOLANDA CARTER, ROBERT MILES, III, DONNIS FERRILL, AMMIE N. FERRILL, EMANUEL FERRILL, TOMMY L. LEWIS, SR., UNKNOWN HEIRS OF VINSON BEARD, AND ALL OTHER OWNERS OR PARTIES IN INTEREST CLAIMING ANY RIGHT, TITLE OR INTEREST, LEGAL OR EQUITABLE TO CERTAIN REAL PROPERTY IN SECTION 9, TOWNSHIP 1 SOUTH, RANGE 7 WEST, GEORGE COUNTY, MISSISSIPPI**

**2.78 ACRES IN PERRY COUNTY, MISSISSIPPI, GLENN M. SHOWS AND UNKNOWN OWNERS HAVING INTEREST IN SAID PROPERTY**

**1.54 ACRES IN PERRY COUNTY, MISSISSIPPI, LESLIE R. BENN, CRESSIE ALLEN, KEVIN MONROE, MARY MONROE, LUTHER MONROE, JANICE PLAINER, LESIA RAMSEY, BELINDA RAMSEY WOOD, UNKNOWN HEIRS OF JESSIE JOE BENN, UNKNOWN HEIRS OF JESSIE LEE BENN, AND ALL OTHER PERSONS OR PARTIES IN INTEREST CLAIMING ANY RIGHT, TITLE OR INTEREST, LEGAL OR EQUITABLE**

**TO CERTAIN REAL PROPERTY IN**
**SECTION 27, TOWNSHIP 3 NORTH,**
**RANGE 9 WEST, PERRY COUNTY,**
**MISSISSIPPI** **DEFENDANTS**

### ORDER CONFIRMING RIGHT TO CONDEMN AND GRANTING IMMEDIATE POSSESSION

This Cause came on for hearing on February 19, 2014, on the Motion of the Plaintiff, Gulf South Pipeline Company, L.P. ("Gulf South"), to Confirm the Right to Condemn the Defendants' property and for Preliminary and Permanent Injunction Authorizing Immediate Possession (the "Motion"). The Court, having considered the Motion, the evidence, and the affidavits presented at the hearing and arguments of Plaintiff's counsel, finds that the Motion is well taken and should be granted.

### JURISDICTION AND VENUE

1. Gulf South is a natural gas company as defined by Section 2(a) of the Natural Gas Act (the "Act"), 15 U.S.C. § 717(a)(6). Gulf South has been issued a Certificate of Public Convenience and Necessity ("Certificate") by the Federal Energy Regulatory Commission ("FERC") to construct, operate and maintain an interstate natural gas pipeline and all necessary appliances, appurtenances, fixtures, equipment, and facilities (the "Pipeline").

2. This action is governed by the section 717f(h) of the Natural Gas Act, which provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way . . . it may acquire the same by the exercise of the right of eminent domain in the district

        court of the United States for the district in which such property may be located, or in the State Courts.

15 U.S.C. S 717f(h).

    3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce. Jurisdiction is also proper in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### CONFIRMATION OF THE PLAINTIFF'S RIGHT TO CONDEMN

    4.     Gulf South filed a Verified Complaint for Condemnation under the Act pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, seeking to condemn a fifty (50) foot wide permanent and perpetual right of way and easement (the "Permanent Right of Way"), as approved and certificated by FERC, and a temporary right of way and easement for work space (the "Temporary Work Space"), as approved and certificated by FERC, under, upon, across and through land owned by the Defendants. The Temporary Work Space is a space parallel and contiguous to the permanent easement and right-of-way, as described on Exhibits A, B, C, D, & E for use by Gulf South and its employees, contractors or other agents during the construction of the Pipeline. In its Motion, Gulf South also requested the Court to enter an order confirming that Gulf South has the substantive right to condemn under the Natural Gas Act. This Court set the Motion for hearing on Wednesday, February 19, 2014 (the "Hearing"). Gulf South served each Defendant with proper and adequate notice of the February 19 Hearing.

    5.     The Court finds that the Defendants were duly and properly served with the Notice required by Rule 71.1, the Verified Complaint for Condemnation, the Notice of Hearing,

the Motion and the Memorandum of Authorities in support thereof.

6.     The Court, having considered the Motion, the affidavits presented at the hearing and arguments of counsel, finds that the Motion should be granted against the following defendants:

>   (a)    0.27 Acres in George County, Mississippi, Hope V. Wright, Lashonda R. Fairley, Alyssa Wells, a Minor, Yolanda Carter, Robert Miles, III, Donnis Ferrill, Ammie Ferrill, Emanuel Ferrill, Tommy L. Lewis, Sr., Unknown Heirs of Vinson Beard, and Unknown Persons Having Interest in Said Property;
>
>   (b)    2.78 Acres in Perry County, Mississippi, Glenn M. Shows, and Unknown Persons Having Interest in Said Property; and
>
>   (c)    1.54 Acres in Perry County, Mississippi, Leslie R. Benn, Cressie Allen, Mary Monroe, Luther Monroe, Lesia Ramsey, Belinda Ramsey Wood, Unknown Heirs of Jessie Joe Benn, Unknown Heirs of Jessie Lee Benn and Unknown Persons Having Interest in Said Property.

Leslie R. Benn and Cressie Allen together filed Answer to the Amended Complaint and have together filed a Response to Plaintiff's motion for an injunction; however, their Response did not address or object to Gulf South's right to condemn or right to immediate possession. The Court convened a phone conference with Mrs. Allen and attorneys for Gulf South on February 18. In that conversation, Mrs. Allen agreed to allow the Hearing on Plaintiffs' Motion to go forward without her presence.

Three Defendants appeared at the Hearing on the Motion on February 19. Gulf South reached an agreement with two of those Defendants, Kevin Monroe and Janice Plainer, during a recess in the hearing and has moved to dismiss them as Defendants. Gulf South also reached an agreement in principle with a third Defendant, Emanuel Ferrill. Emanuel is a minor who cannot execute legally binding agreements. Therefore, Gulf South is petitioning the appropriate state

chancery court for approval of its settlement with Emanuel and plans to dismiss him as a Defendant once the chancellor reviews and permits the settlement.

All other Defendants failed to file an Answer, respond to this Motion, and appear at the Motion hearing. Therefore, these Defendants have waived all objections and defenses under Rule 71.1(e)(3).

7. Accordingly, the Court finds that Gulf South is the holder of a valid Certificate of Public Convenience and Necessity issued by FERC, that FERC has determined that the Defendants' Property is needed for the Pipeline, and that Gulf South has been unable to acquire the Defendants' Property by agreement, and thus that Gulf South has satisfied all requirements of the Natural Gas Act, 15 U.S.C. § 717f(h). The Court further finds that the interests condemned by Gulf South are consistent with the authority granted it by the Certificate and within the scope of such authority, and that Gulf South is authorized by the Act to exercise the power of eminent domain. Therefore, the Court hereby confirms Gulf South's right to condemnation of the easements and rights of way identified in Exhibits A, B, C, D, & E hereto.

**PRELIMINARY AND PERMANENT INJUNCTION GRANTING ACCESS**

8. Gulf South also requests the Court to grant it a preliminary and permanent injunction authorizing it to enter upon the Property to begin construction related activities on the Project. For injunctive relief to be proper the Court must determine that four factors exist. There must be a substantial likelihood that the Plaintiff will prevail on the merits; there must be a substantial threat that irreparable harm will result if the injunction is not granted; the harm that would result to the Plaintiff if the injunction is denied must outweigh the harm to the Defendant if the injunction is granted; and granting the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991 (5th Cir. 1987).

9. Numerous other federal district courts have held that if the standard for injunctive relief is satisfied in favor of granting the relief, pipeline companies with the authority of eminent domain under the Natural Gas Act may be granted immediate access to property to be condemned – prior to the trial on compensation – to begin construction of a pipeline. *See, e.g., East Tennessee Natural Gas Co., v. Sage*, 361 F.3d 808, 826-828 (4th Cir. 2004), *cert. denied*, 543 U.S. 978 (2004) (granting immediate possession of easements where delays in construction would generate significant unrecoverable costs and time delays in completing project); *Maritimes & Northeast Pipeline, LLC v. Decoulos*, 146 Fed. Appx. 495, *2-3 (1st Cir. 2005); *Northwest Pipeline Corp. v. The 20' by 1,430' Pipeline Right-of-way*, 197 F.Supp.2d 1241, 1245 (E.D.Wash. 2002) ("[w]here there is no dispute about the validity of [the gas company's] actual right to the easement, denying authority to grant immediate possession would produce an absurd result"); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 979 (N.D.Ill. 2002) (immediate possession proper when condemnation order has been entered and preliminary injunction standards have been satisfied); *N. Border Pipeline Co. v. 64.111 Acres of Land*, 125 F.Supp.2d 299, 301 (N.D.Ill. 2000) (same).

10. Having considered the Motion and supporting memorandum, the testimony presented at the hearing and arguments of counsel, the Court finds that Gulf South has satisfied the four requirements established for the granting of injunctive relief. The Court finds that Gulf South has been issued a valid Certificate of Public Convenience and Necessity by FERC, and that all requirements under the Natural Gas Act for Gulf South to exercise the right of eminent domain have been satisfied. Thus, there is a substantial likelihood that Gulf South will prevail on the merits and be awarded the easements and temporary work space condemned.

11. The Court further finds that Gulf South has met its burden of demonstrating a

substantial likelihood that immediate and irreparable harm will result if the injunction is not granted, and if it is not able to obtain immediate entry upon the Property to begin construction. As demonstrated by the motion, supporting memorandum, and affidavits presented, there is a substantial likelihood that Gulf South, numerous public utility providers, and the public at large will be irreparably harmed if construction on the Project does not begin on or before May 1, 2014, and if service does not begin in November 2014. Because the construction of the Project requires detailed sequencing of numerous disciplines, which must be performed in sequence across the pipeline, access to the property must be granted immediately to begin construction-related activities in order to meet this in-service date. Any delay in granting Gulf South access the Defendants' Property to begin construction activities will impede Gulf South's ability to provide the needed energy delivery services determined by FERC to be in the best interest of the public. Additionally, the costs to Gulf South, its customers and the public will be significantly increased because of skip-around costs if immediate possession is not granted. These increased costs are against public policy, and would be unrecoverable.

12.     On balance, the potential harm to Gulf South and the public at large outweighs any harm to the Defendants by granting Gulf South the injunction it seeks. Granting the injunction to permit Gulf South to begin construction prior to the determination of just compensation will not cause the Defendants to lose or compromise any right they have to just compensation under federal law. The value of just compensation is not affected one way or the other by Gulf South's beginning the Project prior to the determination of compensation. Moreover, pursuant to this Order, Gulf South will send to each remaining Defendant a check in an amount equal to its estimation of just compensation to be paid to that Defendant, based on the valuation of an independent appraiser whose testimony as to valuation was presented at the

Motion Hearing. The Defendants may receive and make use of those funds without waiving any right to argue at trial that just compensation should be higher.

In addition, Gulf South will post a bond in the amount of $15,000, which will be surety for the payment of just compensation over and above the amounts paid immediately to the remaining Defendant landowners.

13. Finally, it is within FERC's authority to determine whether a proposed Pipeline furthers the public interest. FERC's issuance of the Certificate is evidence that it has so determined, and this Court may not contradict FERC's determination in that regard. Additionally, the Court finds that the grant of injunctive relief to permit Gulf South to begin construction of the Project prior to the determination of just compensation furthers the public interest in that it will aid in ensuring that the FERC-approved Project will not be delayed.

14. Accordingly, for the foregoing reasons, the Court finds that Gulf South's request for a preliminary and permanent injunction is well taken and should be granted against the following defendants:

(a) 0.27 Acres in George County, Mississippi, Hope V. Wright, Lashonda R. Fairley, Alyssa Wells, a Minor, Yolanda Carter, Robert Miles, III, Donnis Ferrill, Ammie Ferrill, Emanuel Ferrill, Tommy L. Lewis, Sr., Unknown Heirs of Vinson Beard, and Unknown Persons Having Interest in Said Property;

(b) 2.78 Acres in Perry County, Mississippi, Glenn M. Shows, and Unknown Persons Having Interest in Said Property; and

(c) 1.54 Acres in Perry County, Mississippi, Leslie R. Benn, Cressie Allen, Mary Monroe, Luther Monroe, Lesia Ramsey, Belinda Ramsey Wood, Unknown Heirs of Jessie Joe Benn, Unknown Heirs of Jessie Lee Benn and Unknown Persons Having Interest in Said Property.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**

A. That pursuant to the Natural Gas Act, as the holder of a valid Certificate of Public Convenience and Necessity issued by FERC on November 18, 2013, Gulf South has the substantive right to condemn property rights needed for the Project;

B. That Gulf South shall be awarded a preliminary and permanent injunction permitting it an immediate right of entry upon the Permanent Right of Way as approved and certificated by FERC, and the Temporary Work Space as approved and certificated by FERC, both of which are identified in Exhibits A, B, C, D & E to this Order, under, upon, across and through land owned by the Defendants;

C. That Gulf South may immediately begin pre-construction and construction related activities for the purpose of constructing the Pipeline at the locations approved and certificated by FERC and consistent with the rights-of-way identified on Exhibits A, B, C, D & E, in a manner consistent with the FERC Certificate, FERC regulations, and the Easement Agreements attached hereto as Exhibits F, G-1, G-2, H-1, H-2, I-1, I-2, I-3, I-4 & J. Pre-construction and construction-related activities may include, but shall not be limited to, surveys, examinations, and tests, and constructing, laying, maintaining, inspecting, altering, repairing, replacing, and reconstructing the Pipeline, and any and all necessary or useful appurtenances thereto, on said Permanent Right-of-Way (collectively "Construction-Related Activities");

D. That Gulf South shall send by registered mail to each remaining known defendant landowner a copy of this Order and a check in the amount of that Defendant's share of the appraised value of the subject tract;

E. That this injunction shall take effect seven (7) calendar days following that mailing; and

F.	That Gulf South shall post a surety or cash bond in the total amount of Fifteen Thousand Dollars ($15,000.00), which bond shall stand as surety for the payment of just compensation over and above the amounts paid to the remaining Defendant landowners, for all Gulf South condemnation actions in this case.

SO ORDERED this, the 20th day of February, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE